UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. RICHARDSON, | No.  2:26-cv-2284 AC P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Although the petition provides information regarding plaintiff's conviction in the San Diego County Superior Court, it clearly challenges petitioner's living conditions at California State Prison, Sacramento.  ECF No. 1.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  However, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (en banc) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).

"[A] district court may construe a petition for habeas corpus to plead a cause of action

1

under § 1983 after notifying and obtaining informed consent from the prisoner." Id. at 936. A district court may re-characterize a habeas petition "'[i]f the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

Because the instant petition appears amenable to conversion,[1] petitioner will be given the option of proceeding with this case as a habeas petition or converting the petition to a § 1983 civil complaint. If petitioner chooses to proceed with this case as a habeas petition, he must (1) file an application to proceed in forma pauperis or pay the $5 filing fee and (2) provide an explanation showing that success will result in his immediate or speedier release. Failure to do so will result in a recommendation that this action be dismissed for failure to pay the filing fee and/or lack of jurisdiction. If petitioner wants to convert this case to a § 1983 complaint, he must file (1) an application to proceed in forma pauperis or pay the $405 filing fee and (2) a complaint using the form provided by the court. Petitioner is advised that if he chooses to convert this action to a § 1983 complaint and files an application to proceed in forma pauperis, even if an application to proceed in forma pauperis is granted, he will be obligated to pay a filing fee of $350.00, in an initial partial filing fee and monthly installments thereafter until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)(A), (B); § 1915(b)(2). Petitioner is also free to voluntarily dismiss this habeas action.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the service of this order petitioner must either: (1) notify the court that he wants to continue with this case as a habeas petition, file an application to proceed in forma pauperis or pay the $5 filing fee, and explain why success on his petition would entitle him to immediate or a speedier release from that imprisonment; (2) notify the court that he wants to convert this habeas action into a § 1983 action by filing a complaint on the form provided by the court and file an application to proceed in forma pauperis or pay the $405 filing fee; or (3) file a notice of voluntary dismissal.

---

[1] The court takes no position on whether petitioner can state a viable § 1983 claim.

2.  The Clerk of the Court is directed to send plaintiff a copy of the following forms: prisoner complaint form used in this district and application to proceed in forma pauperis by a prisoner.

DATED: July 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3